OPINION
{¶ 1} Defendant, Carl Call, appeals from his conviction and sentence for non-support of his dependents.
 {¶ 2} Defendant was divorced from Tonya Call in 1988. Defendant was ordered to pay twenty-five dollars per week child support for his daughter, Sierra Call. Effective February 14, 1996, Defendant's child support order was modified, and increased to $228.92 per month. On April 8, 1997, the Darke County Child Support Enforcement Agency (CSEA) sent Defendant a notice advising him of an accumulated amount of his arrearage and that his monthly child support obligation was being increased to $277.70 per month, including $43.33 on the arrearage plus a two percent processing fee. Between July 1, 2001, and June 30, 2003, the Darke County CSEA received no child support payments from Defendant.
 {¶ 3} Defendant was indicted on one count of felony non-support of his dependents by failing to provide support for at least twenty-six weeks out of a consecutive one hundred and four week period as a court had ordered, in violation of R.C.2919.21(B) and (G)(1). Defendant waived his right to a jury trial and the matter proceeded to a trial before the court.
 {¶ 4} The sole witness at trial was Angel Shiverdecker, a child support investigator employed by CSEA, who testified that Defendant had paid no support. Defendant proffered seven or eight weekly pay stubs from his employer for various weeks during the period from March-June, 2003. Each pay stub reflected a weekly deduction of $15.30 from Defendant's pay for child support. Shiverdecker testified that the CSEA has no record that any of those payments were ever received by the agency. In any event, all of the support payments represented by Defendant's pay stubs, even when considered together, do not satisfy Defendant's support obligation for any one month.
 {¶ 5} At the conclusion of trial, the trial court found Defendant guilty and sentenced him to twenty-four months of community control sanctions, which include paying his monthly child support obligation as ordered by the court and paying restitution on the accumulated arrearage in the amount of $5,494.08.
 {¶ 6} Defendant timely appealed to this court from his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 7} "THE TRIAL COURT ERRED WHEN IT CONVICTED THE DEFENDANT BASED ON THE TESTIMONY OF THE STATE'S SOLE WITNESS, WHEN THAT WITNESS WAS A CHILD SUPPORT INVESTIGATOR, WITH NO PERSONAL KNOWLEDGE OF THE FACTS OF THE DEFENDANT'S SUPPORT PAYMENT RECORD, WHEN THAT WITNESS TESTIFIED DIRECTLY FROM THE SUPPORT PAYMENT RECORDS AND WHEN THE TRIAL COURT RULED, IN SUPPORT OF THE DEFENDANT'S MOTION TO EXCLUDE THE RECORDS THAT HAD NOT BEEN PROVIDED HIM IN DISCOVERY, THAT THE DOCUMENTS, FROM WHICH THE WITNESS TESTIFIED, WERE INADMISSIBLE."
 {¶ 8} During Defendant's trial the State presented three exhibits which were identified by the only witness at trial, Angel Shiverdecker, a child support investigator and Defendant's caseworker at the Darke County CSEA.
 {¶ 9} State's Exhibit 1 is the original court order from Defendant's 1988 divorce establishing his child support obligation at twenty-five dollars per week. State's Exhibit 2 is an order of the court entered February 14, 1996, which modified Defendant's child support order and increased it to $228.92 per month. State's Exhibit 3 is Defendant's child support payment history as reflected by the records of the Darke County CSEA.
 {¶ 10} Defendant objected to the admission of all three exhibits because these documents were not provided to Defendant during discovery. The trial court overruled that objection and admitted State's Exhibits 1 and 2. The trial court excluded State's Exhibit 3, however, because that record was not prepared by the witness, Shiverdecker, and the witness had no personal knowledge of the entries contained in the exhibit.
 {¶ 11} Shiverdecker's testimony that Defendant made no child support payments between July 1, 2001 and June 30, 2003, is based entirely upon the record of Defendant's payment history in State Exhibit 3. Defendant argues that the trial court erred in admitting and considering this testimony by Shiverdecker because it was based solely upon an exhibit that the trial court excluded from evidence. Defendant further argues that absent Shiverdecker's testimony about Defendant's payment history, there is no other evidence to support his conviction for non-support of his dependents.
 {¶ 12} We conclude that the trial court abused its discretion in excluding State's Exhibit 3 because that document was admissible pursuant to Evid.R. 803(6), the business records exception, and accordingly Shiverdecker's testimony based upon that exhibit was admissible to prove Defendant failed to make his court ordered child support payments.
 {¶ 13} A trial court has broad discretion in admitting or excluding evidence and its decision in such matters will not be disturbed on appeal absent an abuse of discretion that causes material prejudice. State v. Armstrong (Jan. 31, 2005), Montgomery App. No. 19655, 2005-Ohio-432. An abuse of discretion means more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, or unconscionable attitude on the part of the trial court. State v. Adams (1980),62 Ohio St.2d 151.
 {¶ 14} Evid.R. 803 which sets forth exceptions to the hearsay rule and provides, in relevant part:
 {¶ 15} "The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
 {¶ 16} "(6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term `business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."
 {¶ 17} In order to qualify for admission under Evid.R. 803(6), a business record must manifest four essential elements: (i) the record must be one regularly recorded in a regularly conducted activity; (ii) it must have been entered by a person with knowledge of the act, event or condition; (iii) it must have been recorded at or near the time of the transaction; and (iv) a foundation must be laid by the custodian of the record or some other qualified witness. Weissenberger, Ohio Evidence (2000), Section 803.73 at p. 440.
 {¶ 18} In discussing the foundation necessary to admit a record under Evid.R. 803(6), this court has pointed out that the witness providing the foundation need not have firsthand knowledge of the transaction, but it must be demonstrated that the witness is sufficiently familiar with the operation of the business and with the circumstances of the records' preparation, maintenance and retrieval, that he or she can reasonably testify on the basis of this knowledge that it was made in the ordinary course of business, consistent with the elements of Evid.R. 803(6). State v. Hirtzinger (1997), 124 Ohio App.3d 40. That is the case here.
 {¶ 19} Shiverdecker is a child support investigator and employee of the Darke County CSEA, and it cannot be seriously questioned that her experience as such would give her the knowledge necessary under the rule regarding how child support payments are made, recorded, maintained and retrieved. In that regard Shiverdecker testified:
 {¶ 20} "Q. I'm handing you what's been marked State's Exhibit 3 and ask if you can identify what that is.
 {¶ 21} "A. This is a payment history of the payments Mr. Carl (sic) has made.
 {¶ 22} "Q. And how is information inputted into the — generate that document?
 {¶ 23} "A. As payments come in, they are put into the system and the systems would show any payments that are made.
 {¶ 24} "Q. And since you are the case worker for Mr. Call, you're the one that actually inputs that information?
 {¶ 25} "A. I do not input payments. Those are inputted in Columbus.
 {¶ 26} "Q. Okay. Who's responsible for generating that document?
 {¶ 27} "A. I am.
 {¶ 28} "Q. Okay. And what does that document indicate?
 {¶ 29} "A. This indicates Mr. Call has not made any payments in the — during the time period that we are asking him to be indicted." (T. 11-12.)
 {¶ 30} While on this record the question is close, we conclude that the evidence presented is minimally sufficient to satisfy the foundational requirements for admission of the record of Defendant's history of child support payments, State's Exhibit 3, as a business record under Evid.R. 803(6). The trial court abused its discretion in excluding this evidence because Shiverdecker lacked direct, personal knowledge of Defendant's history of child support payments. Because this evidence was admissible pursuant to Evid.R. 803(6), Shiverdecker's testimony based upon this exhibit was admissible to prove that Defendant failed to make any of his court ordered child support payments between July 1, 2001 and June 30, 2003.
 {¶ 31} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Wolff, J. concurs.
Fain, J., concurring:
 {¶ 32} I write separately because I am chagrined to discover both that State v. Armstrong (January 31, 2005), Montgomery App. No. 19655, 2005-Ohio-432, says what the opinion of this court in this case cites it for and that I am listed as the author of that opinion. As my penance, I shall write 100 times (though not in this concurring opinion): "Any error of law is necessarily an abuse of discretion." No court has discretion to decline to follow the law.
 {¶ 33} In evidentiary matters, trial courts are often vested with substantial discretion by the Rules of Evidence. Evid. R. 403(B), for example, permits, but does not require, a trial court to exclude relevant evidence if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence. That Rule, and other, similar evidentiary rules, necessarily vest substantial discretion in trial courts. Nevertheless, not every rule of evidence is discretionary. Where a non-discretionary rule of evidence is violated, and the error is preserved for appellate review, the question becomes whether the error is sufficiently prejudicial to merit reversal, not whether the trial court has abused its discretion; by committing an error of law, the trial court has gone outside the scope of the discretion reposed in it.
 {¶ 34} In the case before us, I agree that the issue is close, since the witness Shiverdecker evidently had no direct knowledge concerning the inputting of payment information in the Columbus office, but I agree that there is enough in this record to justify the admission of the document under the business record exception to the hearsay rule, Evid. R. 803(6). That rendered admissible the contents of the record, which got into evidence through Shiverdecker's testimony. The contents of the record, in turn, supported the trial court's ultimate finding of non-support.