OPINION
{¶ 1} Defendant-appellant Terry Staley, appeals from the judgment, entered by Judge Lindeman of the Miami County Court of Common Pleas, in favor of Plaintiff-appellee Edward D. Jones Co., L.P. For the following reasons we affirm the decision of the trial court.
 I {¶ 2} This case arises from a civil action brought by Edward D. Jones Co., L.P. against Terry Staley, as the administrator of the Estate of Janet Kennedy.
 {¶ 3} On appeal, Appellant claims that the trial court erred by admitting into evidence certain documents produced by Equiserve relating to the re-issuance and eventual sale of stocks owned by Janet Kennedy. It is undisputed that Janet Kennedy owned two certificates of Bank One stock, one # I-3055 representing 504 shares and another # I-11828 representing 50 shares. Edward Jones' position is that in 1994 these shares were re-issued to Todd Staley, Mrs. Kennedy's son, in his capacity as conservator. It was the testimony of Sally Twiss, an employee of Appellee, that she in fact assisted in the re-issuance and sale of the stocks between June of 1994 and November of 1995 with the proceeds from these sales being provided to Todd Staley. Jerry Ahrens, another Edward Jones employee, corroborated this testimony.
 {¶ 4} Mrs. Kennedy passed away in October of 2003 and another son, Terry Staley, was appointed the administrator of her estate. It is undisputed that Terry had the original stock certificate # I-3055 in his possession. Upon the death of his mother, Staley's counsel advised John Cox, an investment representative at Edward Jones, to liquidate this stock. The shares were sold pursuant to these instructions in February, 2004 and the $25,878.20 proceeds were provided to Terry Staley.
 {¶ 5} In June, 2004, Edward Jones received notice from Equiserve, the transfer agent for Bank One stock, that certificate # I-3055 had been confiscated and the sale voided due to a previous transfer of that same stock. Since this time, Terry Staley has refused to cooperate with the numerous requests made by Edward Jones for the return of proceeds derived from the February, 2004 sale.
 {¶ 6} Sally Twiss has been employed by Edward Jones for sixteen years and currently works in customer service. As part of her duties she assists customers with the replacement of lost share certificates. Jerry Ahrens has been employed by Edward Jones for eleven years and currently works as a technical specialist within the customer debit department. John Cox has been employed by Edward Jones for sixteen years, the last fifteen and a half as an investment representative.
 {¶ 7} At trial, Appellant objected to the admission into evidence of Exhibit 49 and page 3 of Exhibit 50, both being a copy of the document prepared by Equiserve notifying Appellee that Stock # I-3055 had been retained due to the shares being previously transferred. The trial court overruled Appellant's objection to this exhibit and allowed it in for the limited purpose of asserting Mr. Ahrens' and Mr. Cox's state of mind and how they responded upon receipt of the document. Appellant argues that these exhibits are hearsay and should not have been admitted into evidence because no evidentiary foundation was provided to allow testimony by Edward Jones employees as required by Evid. R. 803 (6).
 {¶ 8} At the conclusion of the bench trial, judgment was entered in favor of Edward Jones on its claims of deficiency on an open account, breach of an implied contract and collection on the bond posted by Appellant due to the misuse of estate assets. As a result of these findings, it was awarded $25,878.20. It is from this judgment that Staley now appeals.
 II {¶ 9} Staley appeals from this judgment and asserts the following two assignments of error:
 {¶ 10} 1. "THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE IT ADMITTED AS EVIDENCE DOCUMENTS, WHICH WERE HEARSAY AND WERE NOT ADMISSIBLE BECAUSE NO COMPETENT TESTIMONY WAS GIVEN NOR WAS ANY FOUNDATION LAID WHICH WOULD HAVE ALLOWED FOR SUCH ADMISSION OF SAID DOCUMENTS AS SUCH, IT WAS AN ABUSE OF DISCRETION."
 {¶ 11} 2. "THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING IN FAVOR OF APPELLEE AND NOT GRANTING JUDGMENT IN FAVOR OF APPELLANTS AS SUCH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 12} On December 14, 2005, Staley filed a notice of appeal.
 III Appellant's first assignment of error:
 {¶ 13} Appellant asserts that the trial court erred in admitting hearsay evidence which lacked a necessary foundation required under Evid. R. 803 (6). Appellant objected at trial to the admission into evidence of Plaintiff's Exhibit 49 and the third page to Exhibit 50, both being a document prepared by Equiserve, the transfer agent for Bank One stock, notifying Appellee that the stocks sold in February 2004 had previously been transferred.
 {¶ 14} In reviewing a decision regarding the admissibility of evidence, a trial court is granted broad discretion in making this determination and its decision will not be disrupted on appeal minus an abuse of discretion on its part that causes material prejudice. State v. Call (September 2, 2005), Darke County App. No. 1652, 2005 Ohio 4596. An abuse of discretion is not merely an error of law or judgment, it instead implies an arbitrary, unreasonable, or unconscionable attitude on the part of the trial court. State v. Adams (1980), 62 Ohio St.2d 151,404 N.E.2d 144.
 {¶ 15} Evid. R. 801(C) provides that "hearsay" is an out-of-court statement offered to prove the truth of the matter asserted. As appellee correctly notes where a statement is offered without reference to its truth, it is not hearsay. Statev. Lewis (1970), 22 Ohio St.2d 125.
 {¶ 16} At trial, the testimony of Ahrens and Cox in regards to the documents in question was limited to the purpose of establishing their state of mind. Statements which are offered to explain a person's conduct or state of mind are not hearsay.State v. Thomas (1980), 61 Ohio St.223, 232.
 {¶ 17} Ahrens and Cox both worked at Edward Jones for an extensive period of time. It is undisputed that neither of these witnesses actually prepared the Equiserve document. Their testimony was limited for the purpose of establishing that the document put them on notice that Equiserve, as the transfer agent of Bank One stock, had voided the February, 2004 sale because of the previous transfer and sale of stock # I-3055. This document provided evidence to the trial court that Ahrens and Cox were put on notice that they should seek to recover the proceeds derived from that sale by Terry Staley. In light of the length of both Ahrens' and Cox's terms of employment at Edward Jones, it is apparent that both were sufficiently familiar with the operation of Equiserve, in its capacity as a transfer agent for Bank One stock, that they could reasonably testify on the basis of their knowledge that the document was what it purported to be and was made in the ordinary course of business for the limited purpose of putting them on notice of the re-issuance and prior sale of the stock. Clearly, neither Exhibit 49 nor 50 constitute inadmissible hearsay.
 {¶ 18} Based on these findings, we find that the trial court did not abuse its discretion in admitting the Equiserve document into evidence as it does not constitute hearsay. Therefore, Staley's first assignment of error is overruled.
 IV Appellant's second assignment of error
 {¶ 19} Appellant argues that the trial court's decision in favor of Appellee was against the manifest weight of the evidence. It asserts that Appellee failed to prove by a preponderance of the evidence all of the elements necessary in order to establish a breach of contract. It is Appellant's position that the testimony of Mr. Ahrens, an Edward Jones employee, was insufficient to establish actual damages on the part of Appellee as a result of the re-issuance and prior sale of stock # I-3055.
 {¶ 20} "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." Seasons Coal Co., Inc. v. Cleveland
(1984), 10 Ohio St.3d 77, 80, citing C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, syllabus. At trial, Sally Twiss testified that she assisted Janet Kennedy, and her conservator, Todd Staley with the re-issuance of stock # I-3055 in 1994 and with its subsequent sale over the next two years. She testified that the proceeds from this sale were provided to Mrs. Kennedy and Todd Staley. Mr. Ahrens corroborated this testimony. Thus, the trial judge was justified in believing there was sufficient evidence to prove by a preponderance of the evidence that Appellee suffered actual damages as a result of Appellant's breach of contract. Therefore, the trial court's decision was not against the manifest weight of the evidence. Staley's second assignment of error is overruled.
 V {¶ 21} All of Staley's assignments of error having been overruled, the judgment of the trial court is affirmed.
 . . . . . . . . . .
Wolff, J. and Fain, J., concur.